UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Case No. 13-46059

TRAVIS M. KESSLER,   Chapter 7

                Debtor.   Judge Thomas J. Tucker

_____/

**OPINION AND ORDER DENYING THE DEBTOR'S EX PARTE
MOTIONS TO REOPEN CASE**

This case is before the Court on the Debtor's two motions filed July 17, 2018, both entitled "Debtor['s] Ex-Parte Motion to Reopen Case and for Extension of Time to File Debtor['s] Certificate of Completion of Postpetition Instructional Course Concerning Personal Financial Management" (Docket ## 19, 20, the "Motions"). The Motions seek to reopen this case, to enable the Debtor to file a Financial Management Course Certificate ("Certificate") and receive a discharge. The Motions were filed *five years* after this case was closed. The case was closed on July 17, 2013, without a discharge, due to the Debtor's failure to timely file the Certificate.

It is not entirely clear why the Debtor filed two motions to reopen this case. The first such motion (Docket # 19) was accompanied by payment of the required $260.00 filing fee for the motion to reopen. The docket entry for the second such motion (Docket # 20), which was generated by the Debtor's attorney, indicates that the Debtor seeks a waiver of the filing fee for that motions, but the motion itself contains no such request.

For the following reasons, the Court will deny both Motions.

**A. Background**

The Debtor filed a voluntary petition for relief under Chapter 7 on March 26, 2013, commencing this case. The next day, on March 27, 2013, the Clerk issued a notice that the first meeting of creditors would be held on May 15, 2013 at 9:00 a.m. (Docket # 9, the "Notice"). On March 27, 2013, the Notice was served by e-mail by the Court's ECF system on the Debtor's attorney, and some of the creditors. And on March 29, 2013, the Notice was served by the Bankruptcy Noticing Center by mail on the Debtor, the Chapter 7 Trustee, and the rest of the creditors (Docket # 10).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C.

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> > (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> > (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .

2

§ 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file a Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was July 15, 2013.[5] The Debtor failed to file the Certificate by the July 15, 2013 deadline, or at anytime thereafter while the case remained open. (To this day, the Debtor still has never filed the Certificate.) The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On July 17, 2013, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file the Certificate. (Docket # 17). Notice of the Final Decree entered that day (Docket # 18) was served on Debtor's counsel and some of the creditors by e-mail on July 18, 2013, through the Court's ECF system. And a notice that the Debtor's bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by mail on July 20, 2013 on other creditors, and on the Debtor. (Docket # 18). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has

---

> (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111[.]

[5] Sixty days after the first date set for the meeting of creditors was Sunday, July 14, 2013. So the Debtor was required to file a Certificate no later than Monday, July 15, 2013. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

been closed without entry of discharge as Debtor(s) did not file Official Form 23, Certification of Completion of Instructional Course Concerning Personal Financial Management." (*Id.*)

*Five years later*, on July 17, 2018, the Debtor filed the Motions (Docket ## 19, 20). The Motions each state, in relevant part:

> 1. Debtor filed a Chapter 7 bankruptcy petition on March 26, 2013. Because the Debtor(s) failed to file Official Form 23, Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management ("OF 23") within the time limit set forth in F.R.B.P. 1007(c), the court closed this case without entering a discharge. In order to secure a discharge in this case Debtor has taken the Instructional Course Concerning Personal Financial Management again and the new certificate is attached as Exhibit C. Debtor seeks to reopen his bankruptcy case so he can file the certificate of completion and receive a discharge. Debtor has provided the Certificate to counsel and paid an additional filing fee to reopen this case.

(Mots. at ¶ 1.) There is no Exhibit C attached to either of the Motions, and the Certificate is not attached to either of the Motions.

**B. Discussion**

The Motion does not allege or demonstrate any reason, let alone a valid excuse, (1) why the Debtor failed to timely complete the financial management course and file the required Certificate, by the July 15, 2013 deadline (over five years ago); or (2) why the Debtor waited five years after this case was closed before he moved to reopen it.

Section 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010,[6] and Local Bankruptcy

---

[6] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

Rule 5010-1[7] govern motions to reopen a case for the purpose of filing a Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtor seeks to reopen the case to move for an order granting the Debtor an extension of time to file the Certificate, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted). The Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Certificate)] . . . only to the extent and under the conditions state in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee,

---

[7] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

5

examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Lockhart*, 582 B.R. 1, 2-6 (Bankr. E.D. Mich. 2018) (applying the 4-part test and denying a debtor's motion to reopen to file a Certificate where the debtor had did not file the motion to reopen until more than a year after the case was closed); *In re Barrett*, 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7-year

6

delay).

Recently, this Court has denied motions to reopen in several cases, where the delay ranged from 11 months to more than 8 years. *See Lockhart*, 582 B.R. at 6 (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years).

The Court will apply this four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor an retroactive extension of more than five years of the deadline to file the Certificate.

***Factor 1: whether there is a reasonable explanation for the failure to comply***

The Motion does not provide any reason whatsoever why the Debtor was unable to timely complete a financial management course and file a Certificate, more than 5 years ago. The Motion also does not explain why the Debtor waited five years after the case was closed to move to reopen the case. The Debtor was informed, by the notice described above, which was mailed to him on July 20, 2013, that his case had been closed without a discharge, and why it had been so closed.[8] And in this case the Debtor was represented by an attorney, who also received this notice, by e-mail on July 18, 2013. Yet the Debtor did nothing to try to rectify this for five years,

---

[8] The Motion does not allege that the Debtor did not receive this notice. And there is no indication in the record that the mailing was returned undelivered by the post office.

and the Motion alleges no reason whatsoever, let alone a valid excuse, for such a long delay by the Debtor.

*Factor 2: whether the request was timely*

The delay of more than five years in the Debtor's completion of the financial management course and in filing the Certificate in this case is far too long. So is the Debtor's delay in moving to reopen this case for five years after the case was closed. Such a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the Court explained:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
> . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition

of discharge [had] been completely stymied." *Id*. at *3.

The magnitude of the Debtor's delay in this case is very significant, and this factor strongly weighs against granting the Motion.

### *Factor 3: whether fault lies with counsel*

The Debtor was represented by counsel in this case at all times until the case was closed, but the Debtor does not allege in the Motion that his failure to timely complete the Financial Management Course and to file a Certificate was in any way the fault of his counsel. The fault for failing to timely complete the Financial Management Course and to file a Certificate was entirely due to the Debtor's own fault and neglect. This factor weighs against granting the Motion.

### *Factor 4: whether creditors are prejudiced*

In *Chrisman*, the Court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case, although slightly shorter than the delay in *Chrisman*, is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a very long delay. This factor therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. And the Debtor also has failed to demonstrate good cause or any valid reason for the Court to waive the filing fees for the Motions. Accordingly,

IT IS ORDERED that:

1. Each of the Motions (Docket ## 19, 20) is denied in its entirety.

2. The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on July 18, 2018**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge